UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADRIAN L. BROWN,<br><br>                Petitioner,<br><br>    v.<br><br>STATE OF WASHINGTON,<br><br>                Respondent. | Case No.  C05-5182RBL<br><br>REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>Noted for April 29, 2005 |

      This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Petitioner is an inmate at the Washington State Penitentiary.  He has filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 and an application to proceed *in forma pauperis*. (Dkt. #1).  Because petitioner appears to have sufficient funds with which to pay the $5.00 court filing fee, the undersigned recommends the court deny the application.

<u>DISCUSSION</u>

      The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed *in forma pauperis*.  <u>Weller v. Dickson</u>, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

      Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit.  *See* <u>Temple v. Ellerthorpe</u>, 586

REPORT AND RECOMMENDATION
Page - 1

F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

By requesting the court to proceed *in forma pauperis*, petitioner is asking the government to incur the filing fee because he allegedly is unable to afford the costs necessary to proceed with his petition for *habeas corpus*. Petitioner's six-month prison trust account statement indicates that he has average monthly receipts of $99.81 and an average spendable balance of $9.76. In addition, as of March 10, 2005, petitioner had $52.00 on account to his credit. Given the fact that a prisoner's basic needs are provided for while incarcerated and the minimal filing fee required to proceed with this action ($5.00), it is not unreasonable to expect petitioner to pay that fee from the funds he apparently has available to him in his prison trust account.

## CONCLUSION

Because it is reasonable to expect petitioner to incur the costs to proceed with his petition, the undersigned recommends that the court deny his application to proceed *in forma pauperis*. Accordingly, the undersigned also recommends that the court order petitioner to pay the required filing fee **within thirty (30) days** of the court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **April 29, 2005**, as noted in the caption.

Dated this 4th day of April, 2005.

/s/ Karen L. Strombom
KAREN L. STROMBOM
United States Magistrate Judge