UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADRIAN L. BROWN

Petitioner,

v.

RICHARD MORGAN,

Respondent.

Case No. C05-5182RBL

REPORT AND RECOMMENDATION

**NOTED FOR: October 7th, 2005**

This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4. Petitioner filed this action under 28 U.S.C. § 2254.

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner challenges a 2001 Kitsap County conviction and the respondent shows the petition to be time barred. The court recommends this petition be **DISMISSED WITH PREJUDICE** as time barred.

FACTS

Petitioner challenges his Kitsap County Superior Court conviction for one count of rape of a child in the second degree. He was sentenced to 211 months of confinement. (Dkt. # 17, Exhibit 1).

He was sentenced on January 12th, 2001. (Dkt. # 17, Exhibit 1).

Petitioner filed a direct appeal and argued his right to a speedy trial was violated. His conviction was affirmed May 10th, 2002. (Dkt. # 17, Exhibit 3). Petitioner filed for discretionary review and raised issues regarding speedy trial violations, ineffective assistance of counsel and the filing of an amended information. (Dkt. # 17, Exhibit 6). Review was denied February 4th, 2003. Pursuant to 28 U.S.C. § 2244 (d) the one year time limitation for filing a habeas action commenced running 90 days later when the time for seeking review from the United States Supreme Court had elapsed. Thus, on May 6th, 2003 the one year statute began running and 142 days of the one year elapsed. On September 25th, 2003 the one year time frame stopped because petitioner filed a personal restraint petition in state court. (Dkt. # 17, Exhibit 9).

Petitioner's state personal restraint petition was dismissed March 4th, 2004 and petitioner did not seek review by the state supreme court. (Dkt. # 17, Exhibit 11) Thus the statute of limitations began to again run on March 5th, 2004 and ran for the remaining 223 days until October 13th, 2004. No federal petition was filed until February 24th, 2005. The petition was filed 134 days after the running of the federal statute of limitations.

EVIDENTIARY HEARING

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). Petitioner's claims are time barred. Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, petitioner is not entitled to an evidentiary hearing.

STANDARD

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

DISCUSSION

One Year Limitation Period of 28 U.S.C. § 2244(d)

Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final for purposes of 28 U.S.C. § 2244(d) 90 days after his conviction was affirmed. Thus, the statute began to run on May 6th, 2003 and ran for 142 days until September 25th, 2003 when petitioner signed his personal restraint petition. (Dkt. # 17, Exhibit 9). The statue began to run again on March 5th, 2004 after his petition was dismissed. The statute ran until it elapsed on October 13th, 2004. Petitioner did not sign his federal habeas petition until February 24th, 2005 and the petition is time barred. The court recommends **DISMISSAL** of this petition as time barred.

## CONCLUSION

This petition is time barred. Accordingly, the petition should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 7th, 2005**, as noted in the caption.

Dated this 20th day of September, 2005.

Karen L. Strombom
United States Magistrate Judge